UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ALFONSO SANTIAGO,

                          Plaintiff,

    -v-

CAPTAIN ANN PRESSLEY et al.,

                         Defendants.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/23/11

10 Civ. 4797 (PAE)

<u>OPINION & ORDER</u>

**PAUL A. ENGELMAYER, District Judge:**

    Defendants Captain Ann Pressley and Captain Donnya Mayo move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the amended complaint filed by *pro se* plaintiff Alfonso Santiago, which alleges a violation of 42 U.S.C. § 1983 and a pendent claim of battery under New York tort law. Santiago's opposition to the defendants' motion is in the form of an amended complaint, which defendants argue should not be permitted because the amendment would be futile. For the following reasons, the defendants' motion to dismiss is granted and leave to further amend the complaint is denied.

**I.    Background[1]**

    Santiago was, until recently, incarcerated; during a portion of that incarceration, Santiago was on Rikers Island in the custody of the City of New York Department of Correction. On or about December 29, 2009, Santiago fell down an unmarked flight of wet, slippery stairs within the George R. Vierno Center on Rikers Island. Santiago asserts that after his fall, defendant

---

[1] The Court's account of the underlying facts of this case is drawn from the plaintiff's amended complaint, Dkt. No. 30. Except where specifically referenced, no further citation to the complaint will be made. Of course, in the context of a motion to dismiss, the Court assumes the truth of these allegations and draws all reasonable inferences in favor of Santiago.

[1]

correction officers Captain Pressley and Captain Mayo responded to the scene and "exhibit[ed] a depraved indifference to [him]" by "forcibl[y] mov[ing] [him]." He further claims that these actions evince a lack of professionalism and constitute an abuse of the officers' authority. Although Santiago was put on a stretcher by Pressley and Mayo and taken to a prison clinic to receive medical attention, he avers that the response was not fast enough to accord with official policy governing injured inmates, that during his transport the officers "grabbed, pulled on, harassed, instigate degradated [sic]" him, and that the "battery" he received from officers Pressley and Mayo was "without probable cause." Santiago also complains that the reporting of this incident was incomplete because the presence of Pressley and Mayo at the scene was not noted in the official account of the incident; he therefore seeks to compel a full and fair investigation of the incident as part of this lawsuit. As a result of the fall and the alleged mistreatment in the course of receiving medical attention, Santiago claims that he suffered significant injuries, the pain from which lingers to the present day and requires him to seek continuing medical care and pain medication. Santiago therefore requests compensation for these injuries, as well as punitive damages and, although he is proceeding *pro se*, an award of attorney's fees.

Santiago filed an initial complaint on June 21, 2010, asserting a violation of 42 U.S.C. § 1983 based on the negligent failure of the Department of Correction (and, vicariously, the City of New York) to mark the slippery stairwell and the allegedly intentional conduct by officers Pressley and Mayo. By Order dated December 6, 2010, the Hon. Denise Cote, to whom this case was then assigned, dismissed Santiago's negligence-based claims against all defendants and his § 1983 claims against the City of New York and the City Department of Corrections because the Department of Correction is not a suable entity under § 1983 and, as to the City, because plaintiff

failed to allege an official policy of mistreatment. *See* Order 2, Dkt. No. 18 (citing *Okin v. Vill. Of Cornwall-on-Hudson Police Dep't*, 577 F.3d 415, 439 (2d Cir. 2009)). The Order, however, allowed Santiago to replead his claim under 42 U.S.C. § 1983 for the allegedly intentional conduct by the individual officers. *See* Dkt. No. 18. On April 21, 2011 Santiago filed an amended complaint asserting a § 1983 violation which recited the same underlying facts and allegations but limited the list of defendants to Pressley, Mayo and the Department of Correction.[2] Defendants filed a motion to dismiss the amended complaint on July 29, 2011. After requesting several extensions of time to oppose the motion, Santiago submitted a response on November 8, 2011. The City filed a reply on December 9, 2011.

In support of their motion to dismiss, defendants argue that: (1) Santiago has failed to state a constitutional violation under the theories of deliberate indifference to a serious medical need, excessive force, or any other theory; (2) Santiago's pendent state law tort claims should be dismissed for failure to satisfy notice of claim requirements under State law (or, alternatively, the Court should decline to exercise pendent jurisdiction over those claims); and (3) the Court is without power to order another investigation of Santiago's fall.

Because Santiago's response resembled an amended complaint more than a memorandum of law in opposition to the defendants' motion, the defendants included in their reply brief a section explaining why that amendment would be futile if the Court were to construe the *pro se* plaintiff's submission as a motion to amend. The Court does so construe it. Accordingly, the discussion in this opinion is divided into a section regarding the defendants' motion to dismiss

---

[2] Because Judge Cote had previously dismissed Santiago's claims against the Department of Correction and did not grant him leave to replead against the Department of Corrections, and because it is not a suable entity in § 1983 cases, the Court, by Order dated November 15, 2011, terminated it as a party to this case.

the amended complaint, and a section explaining why the proposed amendment that Santiago offered would be futile.

## II. Discussion – Motion to Dismiss the Amended Complaint

### A. Applicable Legal Standard

On a motion to dismiss a complaint under Rule 12(b)(6), the court must accept a plaintiff's factual allegations as true and draw all reasonable inferences in [the plaintiff's] favor. *Gonzalez v. Caballero*, 572 F. Supp. 2d 463, 466 (S.D.N.Y. 2008); *see also Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010) ("We review the district court's grant of a Rule 12(b)(6) motion to dismiss de novo, accepting all factual claims in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor."). Despite the well-established rule in this circuit that *pro se* complaints are to be liberally construed and interpreted to raise "the strongest arguments they suggest," *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006), a *pro se* plaintiff must still, to survive a motion to dismiss, plead enough facts to state a claim to relief that is plausible on its face. *See Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011); *Okoh v. Sullivan*, No. 11-1303-cv, 2011 U.S. App. LEXIS 25117, at *2–3 (2d Cir. Dec. 19, 2011) (summary order). This must be "more than an unadorned, the-defendant-unlawfully-harmed me accusation"; a claim will only have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

### B. Plaintiff's Eighth and Fourteenth Amendment Claims Pursuant to § 1983

A plaintiff asserting a claim under 42 U.S.C. § 1983 must show a deprivation of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). "Section 1983 itself creates no substantive rights; it

[4]

provides only a procedure for redress for the deprivation of rights established elsewhere." *Id.* (citing *City of Okla. City v. Tuttle*, 471 U.S. 808, 816 (1985)). Although Santiago has not clearly stated which provision(s) of the Constitution he relies on, the substance of his allegations resembles that of claims commonly brought pursuant to the Eighth Amendment right to be free from cruel and unusual punishment. Such an argument could be premised on either the allegedly-deliberate indifference to his medical needs or the excessive force allegedly used by Pressley and Mayo responding to the accident scene.[3]

### 1. Deliberate indifference to a serious medical need

The Court construes plaintiff's first claim as one of deliberate indifference to a serious medical need, a violation of the Eighth Amendment. The standard for deliberate indifference includes a subjective component and an objective component. *See Hemmings v. Gorczyk*, 134 F.3d 104, 108 (2d Cir. 1998) (per curiam). Subjectively, the official charged with deliberate indifference must act with a "sufficiently culpable state of mind." *See Wilson v. Seiter*, 501 U.S. 294, 297–98 (1991). That is, the official must "know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."

---

[3] Defendants note that Santiago's complaint premises jurisdiction in this Court on the Fourteenth Amendment. Although Santiago's pleadings do not identify whether he was a pre-trial or post-trial detainee at the time of the accident—and, therefore, whether he would claim violation of the Fourteenth or Eighth Amendment—the defendants surmise that Santiago was a pre-trial detainee because he was subsequently moved from Rikers Island to a New York State correctional facility sometime after the accident. However, claims for deliberate indifference to a medical need or excessive force are analyzed under the same standard whether premised on the Eighth or Fourteenth Amendment. *See Caiozzo v. Koreman*, 581 F.3d 63, 72 (2d Cir. 2009) ("Claims for deliberate indifference to a serious medical condition or other serious threat to the health or safety of a person in custody should be analyzed under the same standard irrespective of whether they are brought under the Eighth or Fourteenth Amendment."); *United States v. Walsh*, 194 F.3d 37, 48 (2d Cir. 1999) ("[W]e conclude that the [Eighth Amendment] analysis is applicable to excessive force claims brought under the Fourteenth Amendment as well.")

*Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The objective component requires that "the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) (internal quotation marks omitted). Here, Santiago has failed to make a threshold showing that he was denied medical care, and has failed to plead sufficient facts to satisfy the objective component.

At the outset, there is no indication that Santiago has met the threshold requirement that, in fact, he was "'actually deprived of adequate medical care.'" *Davila v. UConn Med. Ctr.*, 353 F. App'x 490, 492 (2d Cir. 2009) (summary order) (quoting *Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006)); *see also Rentas v. Johnson*, No. 10-cv-4244, 2011 U.S. Dist. LEXIS 74895, at *11–12 (S.D.N.Y. June 22, 2011) (report and recommendation).[4] The amended complaint clearly admits that, after his fall, Santiago was transported by Pressley and Mayo to the prison infirmary where he was treated. Indeed, a copy of the treating doctor's report detailing Santiago's injuries is appended to his amended complaint. Santiago does allege that, due to the "unprofessionalism" of Pressley and Mayo, the response to his injury was not swift enough to comply with prison regulations governing such situations—*i.e.*, that the treatment he *did* receive was inordinately delayed. However, that claim, at best, asserts that Mayo and Pressley were negligent or incompetent in aiding Santiago, and it is well established that "negligence is insufficient to support an Eighth Amendment claim" for deliberate indifference. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010). In short, Santiago has failed to allege sufficient facts to require the Court to inquire as to the seriousness of his injury or the defendants' state of mind in assisting him.

---

[4] The Report and Recommendation was neither adopted nor rejected because the plaintiff voluntarily dismissed the case shortly after the Report was submitted.

[6]

Nevertheless, the Court also finds that Santiago has failed to plead facts sufficient to plausibly claim that his injuries are objectively serious enough to fall within the ambit of the Eighth Amendment. The circumstances which courts in this circuit have found to satisfy the objective seriousness requirement have generally entailed a needlessly prolonged period of extreme pain or the inexplicable failure to treat a life-threatening or life-altering illness. *See, e.g., Hernandez v. Keane,* 341 F.3d 137, 141 (2d Cir. 2003) (bullet wound leaving shrapnel in plaintiff's hand which went untreated); *Chance v. Armstrong,* 143 F.3d 698, 702 (2d Cir. 1998) (dental condition which led to extreme pain for at least six months); *Hathaway v. Coughlin,* 37 F.3d 63, 65, 67 (2d Cir. 1994) (broken pins in an inmate's hip which caused persistent pain for a full year). The facts alleged here are a far cry from those circumstances. Santiago does not allege that his pain was prolonged, and has offered only conclusory allegations that the pain he suffered was extreme; such bald statements "are not entitled to weight under *Iqbal* and cannot be the basis of a plausible complaint surviving a motion to dismiss." *Higgins v. NYP Holdings, Inc.,* No. 10-cv-8217, 2011 U.S. Dist. LEXIS 140607, at *28 (S.D.N.Y. Dec. 7, 2011); *Milne v. Navigant Consulting,* No. 08-cv-8964, 2010 U.S. Dist. LEXIS 115650, at *31 (S.D.N.Y. Oct. 27, 2010). Undermining Santiago's account is the medical report which he appended to the amended complaint, which denotes no visible injuries, does not refer Santiago to a hospital, prescribes no continuing course of treatment, schedules no follow-up appointment, and orders Santiago returned to his housing unit approximately one hour after the fall allegedly took place.[5] Given Santiago's threadbare and conclusory allegations of seriousness, and this countervailing

---

[5] The Court may permissibly consider certain documents other than the complaint in ruling on a motion under Rule 12(b)(6). Documents that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered. *See, e.g., Roth v. Jennings,* 489 F.3d 499, 509 (2d Cir. 2007); *Pani v. Empire Blue Cross Blue Shield,* 152 F.3d 67, 71 (2d Cir. 1998), *cert. denied,* 525 U.S. 1103 (1999).

documentary evidence, plaintiff has not pled sufficient facts that his claim of a serious medical need is "plausible on its face." *Iqbal*, 129 S. Ct. at 1949.

### 2. Excessive Force

"In the context of a claim by a prisoner that he was subjected to excessive force by prison employees, the source of the ban against such force is the Eighth Amendment's ban on cruel and unusual punishments. The validity of the prisoner's claim must "be judged by reference to th[is] specific constitutional standard . . . , rather than to some generalized excessive force standard." *Wright v. Goord*, 554 F.3d 255, 268 (2d Cir. 2009) (citing *Graham v. Connor*, 490 U.S. 386, 394 (1989)) (alteration in original, internal quotation marks omitted). A claim of cruel and unusual punishment has two components—one subjective, focusing on the defendant's motive for his conduct, and the other objective, focusing on the conduct's effect. *See, e.g.*, *Wright*, 554 F.3d at 268; *Blyden v. Mancusi*, 186 F.3d 252, 262 (2d Cir. 1999).

The subjective component of the claim requires a showing that the defendant had the requisite level of culpability, shown by actions demonstrating wantonness in light of the particular circumstances surrounding the challenged conduct. *Blyden*, 186 F.3d at 262 (citing *Wilson v. Seiter*, 501 U.S. 294, 299 (1991)). "When prison officials are accused of using excessive force, the wantonness inquiry turns on whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wright*, 554 F.3d at 268 (internal quotation marks omitted). The objective element of a claim of cruel and unusual punishment focuses on the harm done, measured against "contemporary standards of decency." *Id.* (citing *Hudson v. McMillan*, 503 U.S. 1, 8 (1992)) (internal quotation marks omitted). In assessing this component, the court inquires whether "the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." *Wright*, 554 F.3d at 268

(citation omitted). Here, because the Court finds that Santiago has failed to plead facts sufficient to plausibly satisfy the objective component, it has no occasion to address the subjective component.

As described above, the medical encounter report appended to Santiago's amended complaint describes the injuries sustained during his fall down the stairs and/or the subsequent transport from the scene of the accident to the prison infirmary. That report details no visible injuries to Santiago, nor does it refer him for any additional or continuing care or treatment. Moreover, the report does not differentiate, and Santiago does not attempt to distinguish, between any injury suffered as a result of the fall down the stairs (which is not relevant to the excessive force claim) and any injury suffered as a result of a deficient or malicious response to the fall (which is). Thus, Santiago has not only failed to plead facts which show that he suffered a sufficiently serious injury from the incident as a whole, but has also failed to plead any facts whatsoever which tend to show that any injury he *did* sustain was caused by the allegedly-excessive force used by Pressley and Mayo. *Cf. Prescott v. Riker Island Med. Staf.*, No. 09-cv-255, 2011 U.S. Dist. LEXIS 40057, at *22–23 (S.D.N.Y. Apr. 12, 2011) (finding prisoner had failed to satisfy objective component of excessive force claim when he alleged that he was "aggressively shackled" and "forcefully pushed and shoved" after being treated for a slip and fall claim, but medical report detailed nothing beyond a *de minimis* injury). The Court therefore concludes that Santiago's claim of excessive force does not meet the plausibility standard of *Iqbal*.

### 3. Verbal Abuse

Santiago also alleges that Pressley and Mayo verbally abused him by, *inter alia*, harassing, ridiculing, "instigating" and degrading him. However, "[i]t is well-settled that verbal

harassment by a corrections officer, inexcusable though it be, does not rise to the level of a constitutional violation" absent a demonstration of injury as a result of that harassment. *Jones v. Harris*, 665 F. Supp. 2d 384, 396 (S.D.N.Y. 2009) (citing *Purcell v. Coughlin*, 790 F. 2d 263, 265 (2d Cir. 1986)); *see also Felder v. Filion*, 368 F. App'x 253, 256 (2d Cir. 2010) (summary order). Santiago does not plead any facts tending to show an injury as a result of the alleged verbal abuse. This claim must therefore be dismissed as well.

In sum, none of the theories on which Santiago seeks to claim a violation of 42 U.S.C. § 1983 is viable. That claim is therefore dismissed.

### C. Plaintiff's Pendent Claim for Battery Under New York Law

Santiago's complaint also invokes the pendent jurisdiction of this Court to assert a claim of battery against Pressley and Mayo under New York law. Because Santiago's § 1983 claim—the only claim on which original jurisdiction is based—has been dismissed, the Court declines to exercise pendent jurisdiction to hear his battery claim. *See* 28 U.S.C. § 1367(c)(3). However, even if pendent jurisdiction were exercised, this claim would be barred because Santiago has failed to plead compliance with the Notice of Claim requirement which must be satisfied before a private plaintiff may sue a municipal employee for acts undertaken in the scope of his or her employment. *See* N.Y. Gen. Municipal Law §§ 50-i(1), 50-k(6); *Rentas*, 2011 U.S. Dist. LEXIS 74895, at *13–14 (dismissing state law negligence claims in prison slip and fall case because plaintiff had not complied with Notice of Claim rule). However, because General Municipal Law § 50-e(5) permits a plaintiff to apply to a state court for leave to serve a late notice of claim, the Court dismisses the battery claim without prejudice to leave this avenue open to Santiago.

### III. Discussion – Motion to Amend the Complaint

The opposition to the defendants' motion to dismiss submitted by Santiago appears, in substance, to be an amended complaint rather an attempt to refute any argument made in the defendants' moving papers. In light of the Court's duty to liberally construe the filings of *pro se* plaintiffs, *see Triestman*, 470 F.3d at 474–75, and the defendants' willingness to respond to the new allegations made in Santiago's opposition, the Court will consider that submission as a motion to amend. However, for the reasons that follow, that amendment would be futile and leave to amend the complaint is denied.

### A.   Applicable Legal Standard

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a complaint shall be "freely" given when "justice so requires," though "a district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200–01 (2d Cir. 2007). Additionally, "it is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss." *Weir v. City of New York*, No. 05-cv-9268, 2008 U.S. Dist. LEXIS 61542, at *24–25 (S.D.N.Y. Aug. 8, 2008) (quoting *O'Brien v. National Property Analysts Partners*, 719 F. Supp. 222, 229 (S.D.N.Y. 1989)); *see also In re IAC/Interactivecorp Sec. Litig.*, 695 F. Supp. 2d 109, 124 (S.D.N.Y. 2010). The Court could therefore decline to consider Santiago's new allegations and, if the proposed amendment were not futile, would rule for defendants on that basis. However, because the amendment is futile, the substance of the amendment will be addressed.

### B.   Futility

The proposed amendment levies a number of new claims against defendants, including intentional infliction of emotional distress, a violation of New York State civil rights laws, false

[11]

arrest, malicious prosecution, and a conspiracy of "racial animus" directed at the plaintiff. Plaintiff's claim of intentional infliction of emotional distress sounds in New York tort law. Thus, like his battery claim above, he must have filed a Notice of Claim against the defendants to have that claim heard in Court. Santiago has not pled compliance with this requirement, and the Court therefore cannot hear that claim. *See Rentas*, 2011 U.S. Dist. LEXIS 74895, at *13–14. Santiago's claims of false arrest and malicious prosecution, to the extent premised on 42 U.S.C. § 1983, are not cognizable because they attack the validity of his conviction outside the context of a direct appeal, state collateral proceeding, or habeas petition. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). If premised on New York common law, those claims, like Santiago's remaining conspiracy claim and claim under the New York State civil rights law, fail to satisfy the plausibility standard of *Iqbal* because Santiago has offered nothing in support of those claims but conclusory allegations of wrongdoing that cannot be the basis of a complaint surviving a motion to dismiss. *See Higgins*, 2011 U.S. Dist. LEXIS 140607, at *28; *Milne*, 2010 U.S. Dist. LEXIS 115650, at *31; *see also Peoples v. Fischer*, No. 11-cv-2694, 2011 U.S. Dist. LEXIS 138021, at *9 (S.D.N.Y. Dec. 1, 2011) ("[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed.") (internal quotation marks omitted).

Because Santiago's new allegations all either assert barred claims or do not meet applicable pleading standards, the Court finds that an amendment adding those allegations would be futile, and leave to amend is denied.

## CONCLUSION

For the foregoing reasons, Santiago's claims pursuant to 42 U.S.C. § 1983 are dismissed with prejudice. His claim for battery under New York law is dismissed without prejudice. Santiago's motion for leave to further amend his complaint is denied as futile. The Clerk of Court is directed to terminate this motion, docket number 33, the pending motion for appointment of *pro bono* counsel, docket number 46, and to close this case.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: December 23, 2011
      New York, New York